UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EBERAIA FIELDS,

    Petitioner,

    v.     CAUSE NO.: 3:18-CV-326-JD-MGG

SHERIFF,

    Respondent.

OPINION AND ORDER

Eberaia Fields, a prisoner without a lawyer, filed a habeas petition attempting to challenge a pending State criminal proceeding in the Kosciusko Superior Court under cause number 43D03-1510-F6-642. He has not yet been convicted. He is asking this court to dismiss the charges against him and order the respondent to pay him $300.00 per day for the time he has spent in jail. However, monetary compensation is not available in a habeas corpus case. Moreover, "[o]rdinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). This is one of those ordinary cases. Though the circuit in *Stevens* provided for a narrow exception to entertain some double jeopardy claims, this case does not present a double jeopardy claim. Here, Fields argues he was pulled over by a police officer who had not taken an oath office and subsequently jailed by the State trial court before his petition to transfer was ruled on by the Indiana Supreme Court. These are questions to be resolved in the first instance by the State trial court or the State

Appellate Courts – not this court. Thus, to the extent that Fields believes that he has a viable defense to the charges against him or that his case is not being properly adjudicated, he needs to first present those claims to the State courts – at trial, on appeal, and ultimately to the Indiana Supreme Court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Therefore this petition will be dismissed without prejudice. Then, if he is convicted, after he has presented his claims to the Indiana Supreme Court, he may return to this court and file another habeas corpus petition challenging the conviction.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, Fields has not yet been convicted and federal habeas corpus is not the proper means of challenging the charges against him. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the foregoing reasons, the petition (DE 1) is **DENIED WITHOUT PREJUDICE** and the petitioner is **DENIED** a certificate of appealability.

SO ORDERED on May 10, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT